```
 1  THOMAS P. O'BRIEN
    United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  ANN LUOTTO WOLF
    Assistant United States Attorney
 6  California State Bar No. 137163
         United States Courthouse
 7       411 West Fourth Street, Suite 8000
         Santa Ana, California  92701
 8       Telephone:  (714) 338-3533
         Facsimile:  (714) 338-3708
 9       Email:      ann.wolf@usdoj.gov

10  OF COUNSEL
    DAVID L. KOMAN
11  Senior Trial Attorney
         Litigation Office
12       Office of the General Counsel
         720 Kennon Street, S.E., Bldg. 36
13       Washington Navy Yard, DC  20374-5013
         Telephone:  (202) 685-6984
14       Facsimile:  (202) 685-7046

15  Attorneys for Plaintiff
    United States of America
16
```

                    UNITED STATES DISTRICT COURT

                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

                            SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | NO. SACV 07-451-CJC (ANx) |
|---|---|---|
|        Plaintiff, | ) | [PROPOSED] |
|                   | ) | CONSENT JUDGMENT BETWEEN |
|        v. | ) | PLAINTIFF UNITED STATES OF |
|                   | ) | AMERICA AND CLAIMANT THE YANKS |
| FOUR F-14 TOMCAT AIRCRAFT, | ) | AIR MUSEUM |
|                   | ) | |
|        Defendants. | ) | [**This document is not** |
|                   | ) | **dispositive of the entire** |
|                   | ) | **action**] |
| THE YANKS AIR MUSEUM and | ) | |
| AVIATION WAREHOUSE, | ) | |
|                   | ) | |
|        Claimants. | ) | |
|                   | ) | |

1 On April 24, 2007, plaintiff United States of America ("plaintiff" or the "government") filed a Complaint for Forfeiture alleging that the defendant F-14 Tomcat Aircraft, Bureau numbers ("BuNus") 160671 and 160928 (the "defendant aircraft"), were subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

On May 29, 2007, claimant The Yanks Air Museum ("claimant") filed a Claim to the defendant aircraft and, on October 12, 2007, an Answer to the Complaint. No other claims or answers with respect to the defendant aircraft have been filed, and the time for filing claims and answers has expired.[1]

The government and claimant have agreed to settle this forfeiture action and avoid further litigation.

The Court having been duly advised of and having considered the matter, and based upon the mutual consent of plaintiff and claimant,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

2. The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(C).

3. Notice of this action has been given as required by law. Claimant filed the only claim and answer with respect to

---

[1] Claims and Answers were filed by Air Museum Planes of Fame and Aviation Warehouse with respect to the other two defendant F-14 Tomcat aircraft, i.e., BuNus 160686 and 160894. On April 30, 2008, a consent judgment was filed resolving this action as between claimant Air Museum Planes of Fame and the government.

1  the defendant aircraft.  The Court deems that all other potential
2  claimants admit the allegations of the Complaint for Forfeiture
3  to be true with respect to the defendant aircraft.
4       4.   Claimant agrees to forfeiture, and a judgment of
5  forfeiture is hereby entered in favor of the United States.
6  Satisfaction of the judgment shall be made as follows:
7           4.1.  The defendant aircraft shall be condemned and
8       forfeited to the United States of America and shall be
9       disposed of in accordance with law.
10          4.2.  The government shall pay claimant $150,000.00,
11      which payment shall be made by a check in the amount of
12      $150,000.00, made payable to "Jones Day, attorney-client
13      trust account," and sent to Paul F. Rafferty, Jones Day, 3
14      Park Plaza, Suite 1100, Irvine, California,  92614-8505.
15          4.3.  Claimant shall have priority[2] on receipt of an F-
16      18 aircraft via the Navy Museum Loan Program, subject to all
17      of the terms and conditions of the Navy Museum Loan Program,
18      when an F-18 aircraft becomes available.  Claimant shall be
19      responsible for all demilitarization and relocation costs
20      related to that F-18 aircraft.
21          4.4.  Claimant may seek special legislation in the U.S.
22      Congress that would permit the Department of the Navy to
23      transfer to claimant a TA-4 aircraft that can be made
24      flyable.  The special legislation may also provide for a
25      one-time parts exchange arrangement so that the TA-4

---

[2] "Priority" means that as F-18 aircraft become available to the Navy Museum Loan Program, claimant will be given a right of first refusal until claimant agrees to take one of the F-18s.

1 aircraft may be made flyable.  The Department of the Navy
2 shall not object to the special legislation, with the
3 understanding that the legislative language will be the same
4 and/or consistent with the language contained in P.L. 106-
5 398, Section 1083, and that the provisions in the Deed of
6 Gift to claimant will be the same and/or consistent as the
7 Deed of Gift executed to effect the transfer of the TA-4
8 aircraft transferred pursuant to P.L. 106-398, Section 1083,
9 including the caveat that approval by the Secretary of the
10 Navy of any later transfer of possession or ownership will
11 not be unreasonably withheld.  The Department of the Navy
12 may confer in the legislative process to the extent
13 permitted by law and regulation to assure that the proposed
14 legislation contains the same and/or consistent language
15 with P.L. 106-398, Section 1083.  See attached P.L. 106-398,
16 Section 1083 and Applicable CDOG.  Within six months after
17 obtaining possession of the subject TA4 aircraft, claimant
18 will inspect and provide a list of broken/non-functioning
19 parts necessary for safe flight to NAVICP for a one time,
20 one-for-one parts exchange.  Missing parts will only be
21 released to the extent that such parts are maintained in the
22 storage account for the subject aircraft.  If "demil"
23 waivers are required for any of the listed parts, such
24 waivers may be requested at that time.  To the extent
25 allowable by law and regulation, NAVICP will use its best
26 efforts to provide the requested parts.  Claimant shall be
27 responsible for all demilitarization and/or relocation costs
28 related to the subject TA-4 aircraft and for all

demilitarization and/or relocation costs related to any of the parts released as part of the one-time parts exchange arrangement. Although parts to be released in accordance with the one-time parts exchange arrangement cannot be determined until after the special legislation is authorized and the TA-4 aircraft inspected by claimant, the Navy agrees to cooperate with claimant in the same manner it cooperated with the recipient of the TA-4 aircraft transferred pursuant to P.L. 106-398, Section 1083 in its one-time parts exchange.

4.5. To the extent exterior F-14 "demiled" parts listed in the attached Parts list are present and can be removed from BuNos 160671 and 160928, the government shall release to claimant those parts to complete an existing GSA-transferred F-14 static display aircraft. See attached Parts List. Claimant shall be responsible for all demilitarization and relocation costs related to the subject parts. Claimant agrees that the subject parts shall not be sold or traded in the future unless the government permits the same in writing.

5. Claimant hereby releases the United States of America, its agencies, officers, and employees, including employees of the Defense Criminal Investigative Service, Immigration and Customs Enforcement, and Naval Criminal Investigative Service, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorneys' fees, costs, or interest on behalf of claimant, whether pursuant to 28 U.S.C. § 2465 or otherwise.

6.   The Court finds that there was reasonable cause for the seizure of the defendant aircraft and institution of these proceedings.  This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

7.   The Court further finds that each side shall bear its own attorneys' fees and other costs of litigation.

DATED: December 10, 2008

_____
THE HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

CONSENT

The government and claimant consent to judgment and waive any right of appeal.

DATED:  November ___, 2008     THOMAS P. O'BRIEN
                               United States Attorney
                               CHRISTINE C. EWELL
                               Assistant United States Attorney
                               Chief, Criminal Division
                               STEVEN R. WELK
                               Assistant United States Attorney
                               Chief, Asset Forfeiture Section


                               _____
                               ANN LUOTTO WOLF
                               Assistant United States Attorney

                               Attorneys for Plaintiff
                               United States of America


DATED:  November ___, 2008     JONES DAY


                               _____
                               PAUL F. RAFFERTY

                               Attorneys for Claimant
                               The Yanks Air Museum

6